HOLLAND & KNIGHT LLP
David I. Holtzman (SBN 299287)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: 415.743.6900
Fax: 415.743.6910
Email: david.holtzman@hklaw.com

HOLLAND & KNIGHT LLP
Leon Fresco (*Pro Hac Vice forthcoming*)
801 17th Street, NW, Suite 110
Washington, DC 20006
Telephone: 202.469.5129
Fax: 202.955.5564
Email: leon.fresco@hklaw.com

Attorneys for Plaintiffs,
BRICE ENVIRONMENTAL SERVICES CORP
NIKHIL DATTATRAY KET

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRICE ENVIRONMENTAL SERVICES CORP, an Alaska Corporation, NIKHIL DATTATRAY KET, an Alaska resident.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his official capacity as United States Secretary of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); UR M. JADDOU, in her official capacity as Acting Director of the United States Citizenship and Immigration Services; DONNA P. CAMPAGNOLO, in her official capacity as Director of USCIS California Service Center<br><br>Defendants. | Case No.: 2:21-cv-6659<br><br>COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201 et seq. AND JUDICIAL REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT (APA) 5 U.S.C. §701, et seq. |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Plaintiffs, by and through their undersigned attorneys, commence this action against the above-named Defendants, and respectfully state as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for Declaratory Judgment and Judicial Review under The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the Administrative Procedure Act ("APA") 5 U.S.C. § 701, et seq.

2.     The Biden Administration has stated that it has a goal to "restore humanity and American values to our immigration system" and to make it "easier for graduates of U.S. universities with advanced [Science, Technology, Engineering, and Mathematics] STEM degrees to stay in the United States." *See* Ex. 2 at pp. 110-114.

3.     Plaintiff Nikhil Dattattay Ket is a very talented environmental engineer with a Master's Degree in Environmental Engineering from the University of Alaska in Fairbanks, Alaska.

4.     On October 8, 2019, Defendants designated Plaintiff Ket to be a high-skilled, non-immigrant legally able to be employed in the United States under Section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act ("INA") and 8 C.F.R. § 248.3(a) for the period between October 8, 2019 and September 6, 2022.  At that time, he was employed with another employer. *See* Ex. 1.

5.     When Plaintiff Brice Environmental Services Corp. ("Brice") sought to hire Mr. Ket to work as an environmental engineer to provide critical environmental engineering services to the U.S. Army at Fort Wainwright, Alaska, it filed an I-129 application on Mr. Ket's behalf seeking a transfer of his H-1B employment to Brice and an extension of his H-1B status. *See* Ex. 1.

6.     Due to issues involving a miscommunication as to Mr. Ket's actual hire and subsequent start date, the H-1B application process was started, certified with the Department of Labor, and ready to file with USCIS upon notification that he was soon officially starting.   The application, however, was not filed before Mr. Ket started at Brice—unbeknownst to Mr. Ket—due to a miscommunication related to his start date

1  caused by the fact that the transfer was occurring during the early phase of the COVID-

2  19 crisis.

3      7.    The law states, and Defendants admit that the law states, that even if

4  Plaintiffs' filing was late, *nunc pro tunc* relief is available pursuant to 8 CFR §

5  214.1(c)(4) and Chapter 4 of the USCIS policy manual to remedy these exact situations

6  in cases where the delay was beyond the control of the applicant/beneficiary (i.e. Mr.

7  Ket).  *See* Ex. 3.

8      8.    The I-129 application filed by Brice for H-1B classification was

9  approved, but Plaintiffs' request for an extension of stay was denied by the Defendants

10  arbitrarily and capriciously for no legitimate reason other than to prejudice Mr. Ket's

11  immigration status so that he would be forced to surrender his job and leave the United

12  States.  *See* Exs. 3, 4.

13      9.    Mr. Ket has already been approved to be in the United States on H-1B

14  status through September 6, 2022, and his employment at Brice has now also been

15  approved as proper and legitimate H-1B employment.  *See* Ex. 1 at p. 50; Exs. 3, 4.

16      10.   Plaintiff therefore meets the standard for receiving *nunc pro tunc* relief

17  under 8 CFR § 214.1(c)(4) and Chapter 4 of the USCIS to excuse the late filing in this

18  case, and the only reason to deny this request is to remove him from the country back

19  to India in the middle of the Covid-19 crisis.

20      11.   All of the foregoing claims are based upon the unlawful agency action

21  of denying the I-129 application for extension of Mr. Ket's H-1B status for no

22  legitimate reason in violation of 8 CFR § 214.1(c)(4) and Chapter 4 of the USCIS

23  policy manual, and for causing Mr. Ket to be out of status after August 9, 2021,

24      12.   Plaintiffs, as applicants for Mr. Ket's H-1B status (I-129), are suing

25  Defendants in their official capacity.

26      13.   As a result of the unlawful action of the aforementioned Defendants, ,

27  Plaintiffs suffered a legal wrong and are adversely affected within the meaning of the

28  INA.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## PARTIES

14.     Plaintiff, Brice Environmental Services Corp. is an Alaska corporation and a leader in performing logistically complex projects in rural and remote locations nationwide.

15.     Plaintiff, Nikhil Dattatray Ket is a citizen of India who resides in Alaska. He has a Master's Degree in Environmental Engineering from the University of Alaska in Fairbanks, Alaska. He also has a Bachelor of Engineering from the Maharashtra Institute of Technology in Pune, India.  He is an expert in environmental engineering with many years of experience in air quality compliance permitting and reporting requirements and data collection and analysis related to water and groundwater quality.

16.     Defendant, Department of Homeland Security ("DHS") is a federal agency responsible for administering the laws of Congress as to the approval or denial of immigration benefits under the INA and is the parent agency of U.S. Citizenship and Immigration Services.

17.     Defendant, U.S. Citizenship and Immigration Services, is an agency of the federal government within the Department of Homeland Security and is responsible for the administration of laws and statutes governing immigration and naturalization and the adjudication of petitions for immigration and nonimmigrant benefits, including petitions for nonimmigrant workers and petitions for extension of status.

18.     Defendant, Alejandro Mayorkas, is the Secretary of the United States Department of Homeland Security ("DHS"), with responsibility for the administration of applicable laws and statutes governing immigration and naturalization.  He is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of DHS.  More specifically, the Secretary is responsible for the adjudication of petitions for nonimmigrant workers and petitions and applications for extension of status.

19.     Defendant, Ur M. Jaddou, is the Director of U.S. Citizenship and Immigration Services, and is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration rules, services, policies, and priorities. These functions include adjudication of petitions for nonimmigrant workers and petitions and applications for extension of status.

20.     Defendant Donna P. Campagnolo, is the Director of the USCIS California Service Center ("CSC") and is a federal officer acting within the parameters of her authority as the CSC's decision maker concerning all petitions and applications for immigration benefits.   In her official capacity, Defendant Campagnolo was responsible for ensuring that Plaintiffs' petition and application for extension of H-1B stats and change of employer would be adjudicated according to the statutes and regulations of the United States.

## JURISDICTION AND VENUE

21.     This court has jurisdiction of this action pursuant to 28 U.S.C. § 2201, *et seq.*, 28 U.S.C. § 1331, and 5 U.S.C. 701 and 702 *et seq.*, and this action is timely under 28 U.S.C. § 2401. Relief is requested pursuant to said statutes.  Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Further, the Declaratory Judgment Act, 28 U.S.C. § 2201, provides that: "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Review is also warranted and relief sought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, 702 et seq., and § 706(1).

22.     Venue properly lies within this district pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the USCIS California Service Center is located

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

that has jurisdiction over Plaintiffs' denied change of employer/extension of status Petition.

**STANDING**

23.     Brice has a legally protected interest in a decision by the Defendants on its H-1B petition on Mr. Ket's behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that, as a result of this invasion, Brice can no longer employ Mr. Ket's expert services and so cannot derive the revenue it previously received from the use of his services to its clients.  In addition, there is a causal connection between the injury-in-fact and the Defendants' challenged behavior in that it is precisely the Defendants' denial of Mr. Ket's application for extension of status/change of employer which prevents him from working for Brice and it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Brice to employ Mr. Ket again and so once more derive revenues from the deployment of his services. Accordingly, Brice Environmental Services Corp. has standing to bring this action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

24.     Mr. Ket likewise has a legally protected interest in a decision by the USCIS on Brice's petition on his behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been violated because of the improper denial of his application for extension of status/change of employer.  The violation of this right has caused him concrete and particularized injury in that, as a result of this violation, he can no longer be employed by Brice and so cannot derive the revenue he previously received from his employment. In addition, his presence in the United States has been rendered unlawful.  Moreover, there is a causal connection between the injury-in-fact and the Defendants' challenged behavior in that it is precisely the Defendants' denial of Mr.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Ket's application for extension of stay which prevents him from working for Brice and it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Brice to employ Mr. Ket again and so enable him to support himself and lawfully remain in the United States. Further, Brice wishes to employ Mr. Ket in the offered position. Accordingly, Mr. Ket has standing to bring this action. *See Lujan*, *supra*.

## EXHAUSTION OF REMEDIES

25.     Plaintiffs have exhausted their administrative remedies. The denial of Plaintiffs' I-129 petition for extension of status/change of employer for Mr. Ket constitutes a final administrative action by which "rights or obligations have been determined," or from which "legal consequences will flow," that may be challenged in federal court. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).

## FACTS

26.     The following recitation of facts is based solely on the record evidence provided to Defendants.

27.     Plaintiff Nikhil Dattattay Ket is a very talented environmental engineer with a Master's Degree in Environmental Engineering from the University of Alaska in Fairbanks, Alaska. He also has a Bachelor of Engineering from the Maharashtra Institute of Technology in Pune, India.  He is an expert in environmental engineering with many years of experience in air quality compliance permitting and reporting requirements and data collection and analysis related to water and groundwater quality. *See* Ex. 1.

28.     On October 8, 2019, Defendants designated Plaintiff Ket to be a high-skilled, non-immigrant legally able to be employed in the United States under Section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act ("INA") and 8 C.F.R. § 248.3(a) for the period between October 8, 2019 and September 6, 2022.  At that time,

COMPLAINT FOR DECLARATORY JUDGMENT

he was employed with another employer. *See* Ex. 1.

29.     When Plaintiff Brice Environmental Service Corp. ("Brice") sought to hire Mr. Ket to work as an environmental engineer to provide critical environmental engineering services to the U.S. Army at Fort Wainwright, Alaska, it timely filed a Labor Condition Application with Department of Labor—which is the first step toward filing an I-129 application on Mr. Ket's behalf seeking a transfer of his H-1B employment to Brice and an extension of his H-1B status. *See* Ex. 1.

30.     Due to issues involving a miscommunication as to Mr. Ket's actual hire and subsequent start date, the H-1B application process was started, certified with the Department of Labor, and ready to file with USCIS upon notification that he was soon officially starting.   The I-129 application, however, was not filed before Mr. Ket started at Brice—unbeknownst to Mr. Ket—due to a miscommunication related to his start date caused by the fact that the transfer was occurring during the early phase of the COVID-19 crisis and Mr. Ket was not on site. *See* Exs. 1 and 2.

31.     The law states, and Defendants admit that the law states, that even if Plaintiffs' filing was late, *nunc pro tunc* relief is available pursuant to 8 CFR § 214.1(c)(4) and Chapter 4 of the USCIS policy manual to remedy these exact situations in cases where the delay was beyond the control of the applicant/beneficiary (i.e. Mr. Ket).  *See* Ex. 3.

32.     Specifically, pursuant to 8 CFR § 214.1(c)(4), USCIS had the authority to exercise its discretion and restore Mr. Ket's immigration status to that of being lawfully present because: (i) The delay was due to extraordinary circumstances beyond the control ***of the applicant* or** petitioner, and the delay was commensurate with the circumstances; (ii) The alien has not otherwise violated his nonimmigrant status; (iii) The alien remains a bona fide nonimmigrant; and (iv) The alien is not the subject of deportation proceedings under section 242 of the Act (prior to April 1, 1997) or removal proceedings under section 240 of the Act. *See* **<u>Ex. 2</u>**.  (emphasis added).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

33.     This means that an applicant cannot be penalized for the inaction of another person or organization designated by regulation to act on his behalf over whose actions the applicant has no control, if the inaction is acknowledged by that person or organization.

34.     Moreover, Chapter 4 of the USCIS policy manual states that an applicant's failure to continuously maintain lawful immigration status or violation of nonimmigrant status may be excused by the "[i]naction of another person or organization designated by regulation to act on behalf of an applicant or over whose actions the applicant has no control, if the inaction is acknowledged by that person or organization." *See* Ex. 2.

35.     In this case, Brice executed an affidavit explaining the circumstances surrounding Nikhil Dattatray Ket's visa issue in order to explain why USCIS should excuse the mistake that occurred in his case pursuant to its authority under 8 CFR § 214.1(c)(4).

36.     On June 8, 2020, Nikhil Dattatray Ket changed his employer from AECOM Technical Services, Inc. to Brice Environmental Services, Corp.  He only changed his employment on the understanding that the necessary immigration paperwork had been filed for him.

37.     A Labor Condition Application had indeed been filed in May 2020 and was certified on June 4, 2020.

38.     There was, however, a very unfortunate miscommunication between Brice and immigration counsel regarding when/whether Mr. Ket's start date would actually ever commence.   Because of this miscommunication, the I-129 did not ultimately get filed as counsel was never told that Mr. Ket's commencement of employment was to begin on June 8. 2020 (a miscommunication that was exacerbated by out of office issues due to COVID-19).  *See* Ex. 2

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

39.     Mr. Ket did not know that the I-129 was not filed until recently and Brice took immediate steps to correct the situation as soon as it learned what occurred.  They submitted his I-129 application as soon as possible after learning of the issue.  Because Mr. Ket did not know that the I-129 was not filed until immediately before the application, the delay in applying for an extension was due to extraordinary circumstances beyond Mr. Ket's control

40.     Similarly, Mr. Ket submitted an affidavit stating that on October 18, 2019, he received an approval notice stating that his H-1B petition and change of Status request was valid from October 8, 2019 until September 6, 2022.   His employer was AECOM Technical Services, Inc. *See* Ex. 2. This approval meant that he could legally work in the United States for AECOM without any problems during these three years.

41.     On December 2, 2019, he also received a visa stamp from the State Department stating that his H-1B visa was valid until September 6, 2022. *Id.*  On June 8, 2020, he changed his employer from AECOM Technical Services, Inc. to Brice Environmental Services, Corp.  He only changed his employment on the understanding that the proper immigration paperwork had been filed for him.  *Id.*

42.     Mr. Ket then testified that over the summer, he asked his employer for a copy of the paperwork filed as he was planning foreign travel, and he learned that the paperwork had not been filed due to a miscommunication regarding the transfer of his previous H-1B petition.  He did not know that the I-129 was not filed until immediately before it was filed and he took immediate steps to correct the situation as soon as he learned what occurred.  He testified that had he known that there was an issue with his I-129 earlier, he would have asked his employer to fix this issue earlier and this application was submitted as soon as possible after learning of the issue. *Id.*

43.     Mr. Ket testified that because he did not know that the I-129 was not filed until recently, the delay in applying for an extension was due to extraordinary circumstances beyond his control and the company was applying as soon as this error was identified.  He stated that he was incredibly sorry for this mistake and that he

COMPLAINT FOR DECLARATORY JUDGMENT

begged USCIS to "not penalize me for this error that was not of my own accord." *Id.*

44. Finally, Mr. Ket stated that he has never otherwise violated his nonimmigrant status, this position is clearly a position where H-1B status is appropriate, he remains a bona fide nonimmigrant, and is not the subject of deportation proceedings under section 242 of the Act (prior to April 1, 1997) or removal proceedings under section 240 of the Act. *Id.*

45. In their decision dated August 9, 2021, Defendants actually approved the I-129 petition with a validity period from August 9, 2021 to May 30, 2023. *See* Ex. 4

46. Unfortunately, also on August 9, 2021, Defendants issued a separate decision which simply denied the application for extension of status/change of employer and stated that "the reasons that you and the beneficiary provided do not rise to the level of extenuating circumstances beyond the beneficiary's control or beyond your control, as required by regulation. The unfortunate miscommunication between you and your attorney, the letters, statements, and affidavits do not establish that the delay in filing the extension of stay request was due to extraordinary circumstances beyond your organization's or the beneficiary's control, and that the delay was commensurate with the circumstances. You did not sufficiently meet the burden of proof. Therefore, the untimely filed extension of stay request is not excused." *See* Ex. 3

47. The decision did not discuss all of the evidence in the record as to why the Beneficiary had failed to discover that Mr. Ket's application had accidentally not be been filed with USCIS due to a confusion as to Mr. Ket's commencement of employment with Brice.

48. It is well-settled law that even if USCIS has discretion to deny its request under 8 CFR § 214.1(c)(4), it nevertheless has a nondiscretionary duty to "give a rational explanation, supported by substantial evidence, for its conclusion that extraordinary circumstances were not present." *See Hovhannisyan v. United States Department of Homeland Security et. al.*, 2008 U.S. Dist. LEXIS 109309 (D. Ca.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

COMPLAINT FOR DECLARATORY JUDGMENT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

2008); *see also, United Techs. Corp. v. U.S. Dep't of Defense*, 2010 U.S. App. LEXIS 6109 *12 (D.C. Cir. Mar. 23, 2010); *Verizon Tel. Cos. v. FCC*, 570 F.3d 294, 302 (D.C. Cir. 2009); *Riffin v. Surface Transp. Bd., 592 F.3d 195,195* (D.C. Cir. 2010); *see also, Evangelical Lutheran Church In America v. INS*, 288 F. Supp. 2d 32, 46 (D.D.C. 2003).

49.     In addition to not addressing any of Plaintiffs' evidence explaining why discretion was warranted, the arbitrary and capricious nature of Defendants' August 9, 2021 decision was only further underscored by their inexplicable decision to shorten the length of Mr. Ket H-1B validity period from what it should have been [i.e. 3 years -- from August 9, 2021 to June 30, 2024] to what it would be in the new decision [August 9, 2021 to May 30, 2023] without any legal citations as to why this was required. *See* Ex. 4.

50.     In fact, by changing the final validity date to May 30, 2023, what USCIS was essentially doing was saying to Mr. Ket—"if we had actually granted you the discretionary relief you were requesting and renewed your H-1B visa as of the time that you requested, your validity period for that visa would have been from June 1, 2020 to May 30, 2023 [i.e. the normal 3-year validity period]."

51.     As such, USCIS has plainly acknowledged the validity of Plaintiffs' argument, but only for the purposes of punishing Mr. Ket and shortening his visa validity period—but not in order to actually fix his case so that his visa would have been granted *nunc pro tunc* from June 1, 2020 to May 30, 2023 with the relief available under 8 CFR § 214.1(c)(4).

52.     In other words, Defendants had no legal basis for shortening the end date of Mr. Ket's I-797 approval period from June 30, 2024 (i.e., the 3 year validity period required) to May 30, 2023 other than their concession that Mr. Ket should have received a valid extension that was dated from June 1, 2020 to May 30, 2023.

53.     If the from June 1, 2020 *nunc pro tunc* approval date was no longer relevant, then the I-797 renewal validity period should have been until June 30, 2024, which was a 3-year validity period that would have corresponded with the date of the

- 11 -

1  new LCA submitted.  *See* Ex 1. at p. 180.

2      54.    Given that there was no actual legal basis cited to permit the shortening

3  of the validity period from three years to two years—and that Defendants acknowledged

4  the validity of Plaintiffs' position solely to inflict harm upon the Plaintiffs, but not to

5  provide the actual benefit that Plaintiffs should have received under 8 CFR §

6  214.1(c)(4)—the only explanation that can explain this conduct is arbitrary and

7  capricious animus toward the Plaintiffs.

8      55.    Allowing the current result to be upheld will cause exceptional hardship

9  to the Plaintiffs in terms of inability for Mr. Ket to remain in the United States and in

10  terms of the ability of Brice to employ Mr Ket.

11      56.    Moreover, under no circumstances was it permissible for Defendants to

12  deny Plaintiffs' request for extension of status/change of employer in such a summary

13  fashion without addressing their arguments as to why the factors in 8 CFR § 214.1(c)(4)

14  had not been met.  Defendants did not indicate that they were denying this request as a

15  matter of discretion.  Instead, Defendants stated that "the reasons that you and the

16  beneficiary provided do not rise to the level of extenuating circumstances beyond the

17  beneficiary's control or beyond your control, as required by regulation. The unfortunate

18  miscommunication between you and your attorney, the letters, statements, and

19  affidavits do not establish that the delay in filing the extension of stay request was due

20  to extraordinary circumstances beyond your organization's or the beneficiary's control,

21  and that the delay was commensurate with the circumstances. You did not sufficiently

22  meet the burden of proof. Therefore, the untimely filed extension of stay request is not

23  excused." *See* Ex. 3

24      57.    This statement is demonstrably false, and the vast majority of people

25  who would have found themselves experiencing Mr. Ket's unique set of facts would be

26  in this exact situation right now.

27      58.    Plaintiffs' case is the exact set of facts that 8 CFR § 214.1(c)(4) was

28  meant to correct, and Defendants' failure to do so here is both an arbitrary and

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

COMPLAINT FOR DECLARATORY JUDGMENT

capricious act and an abuse of discretion.  It is also an act that serves no justifiable immigration enforcement purpose whatsoever, as it is not clear what lesson other immigrants are supposed to learn from Mr. Ket's experience—it is not as if Mr. Ket or Brice ever chose to violate the law at any step in his process of working as a highly-skilled worker in the United States.

59.     Mr. Ket is simply being punished for being incredibly unlucky.

60.     Moreover, Defendants' decision is not even in alignment with the current Administration's statement that it has a goal to "restore humanity and American values to our immigration system" and to make it "easier for graduates of U.S. universities with advanced [Science, Technology, Engineering, and Mathematics] STEM degrees to stay in the United States." *See* Ex. 2.  In addition, this administration has ordered that "[t]he Federal Government should develop welcoming strategies that promote integration, inclusion, and citizenship, and it should embrace the full participation of the newest Americans in our democracy" by eliminating "barriers that impede access to immigration benefits. . . " *See* Ex. 2

61.     The I-129 application filed by Brice for H-1B classification was approved, but Plaintiffs' request for an extension of stay was denied by the Defendants arbitrarily and capriciously for no legitimate reason other than to prejudice Mr. Ket's immigration status so that he would be forced to surrender his job and leave the United States.

62.     Mr. Ket has already been approved to be in the United States on H-1B status through September 6, 2022, and his employment at Brice has now also been approved as proper and legitimate H-1B employment.

63.     Plaintiff therefore meets the standard for receiving *nunc pro tunc* relief under 8 CFR § 214.1(c)(4) and Chapter 4 of the USCIS to excuse the late filing in this case, and the only reason to deny this request is to remove him from the country back to India in the middle of the Covid-19 crisis.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 13 -
COMPLAINT FOR DECLARATORY JUDGMENT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## FIRST CAUSE OF ACTION

## (JUDICIAL REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT)

64.     Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 63 above.

65.     Plaintiff Nikhil Dattatray Ket was eligible to receive an extension of stay/change of employer approval and should have received an extension of stay/change of employer approval.

66.     Defendants' reasoning in their August 9, 2021 denial decision that the evidence did "not establish that the delay in filing the extension of stay request was due to extraordinary circumstances beyond . . . the beneficiary's control" is demonstrably false and belied by pages of record evidence providing justifiable reasons that were not discussed by Defendants in their denial decision.

67.     Moreover, there was no actual legal basis cited for Defendants' decision to shorten the validity period in the August 9, 2021 decision from 3-years to 2-years— and Defendants acknowledged the validity of Plaintiffs' legal position seeking a visa validity period from the June 1, 2020 to May 30, 2023 solely to inflict harm upon the Plaintiffs, but not to provide the benefit that he should have received under 8 CFR § 214.1(c)(4).  This was all done without any explanation and without any supportable basis under the law.

68.     Defendants' actions were unlawful and Plaintiff's H-1B status should have been extended and his employer changed. Their failure to do so violated the law under 8 CFR § 214.1(c)(4) and is reviewable and should be overturned pursuant to the APA at 5 U.S.C. § 706.

## SECOND CAUSE OF ACTION
## (RELIEF REQUESTED UNDER THE DECLARATORY JUDGEMENT
## ACT SEEKING REVERSAL OF PLAINTIFFS' I-140 DENIAL)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

69.     Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 63 above.

70.     Plaintiff Ket alleges that he is still eligible for an extension of stay as an H-1B alien, and is eligible to extend his stay. The Plaintiff has not knowingly or intentionally violated his non-immigrant status before filing his H-1B extension request.

71.     Plaintiff Ket avers that, as a matter of law, he has maintained hi status and is eligible for an extension of his H-1B status with a change of employer. Plaintiffs further allege that Defendants' decision of August 9, 2021 decision was wrong as a matter of law.


WHEREFORE, Plaintiffs respectfully request the Court:

(1)     To enter judgement in the favor of Plaintiffs against the Defendants, finding the acts of the Defendants complained of herein are in violation of law, and issue an order requiring approval of Plaintiff's' I-129 request for extension of H-1B status/change of employer from June 1, 2020 to May 30, 2023, or until the date of final judgment of this case so that Plaintiff Ket will not be deemed out of lawful immigration status.

(2)     To enter a Judgment declaring that Defendants' denial of Plaintiffs' request for an extension of Mr. Ket's H-1B status/change of employer is violative of the INA and its attendant regulations; violative of the Administrative Procedure Act; ultra vires; arbitrary and capricious, an abuse of discretion and not otherwise in accordance with law; and violative of due process;

- 15 -
COMPLAINT FOR DECLARATORY JUDGMENT

(3)     An order directing Defendants and their agents to issue immediately all necessary and appropriate documents to Plaintiffs to evidence the approval of their I-129 petitions from June 1, 2020 to May 30, 2023, or until the date of final judgment of this case so that Plaintiff Ket will not be deemed out of lawful immigration status;

(4)     An order awarding Plaintiffs their attorneys' fees and costs; and

(5)     An order granting such other relief as the Court may deem just, equitable, and proper.

DATED: August 17, 2021                                    Respectfully submitted,

                                                          HOLLAND & KNIGHT LLP


                                                          By */s/ David I. Holtzman*
                                                          David I. Holtzman
                                                          Leon Fresco (*Pro Hac Vice forthcoming*)

                                          Attorneys for Plaintiffs,

                                          BRICE ENVIRONMENTAL SERVICES CORP.

                                          NIKHIL DATTATRAY KET

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

COMPLAINT FOR DECLARATORY JUDGMENT